**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **STEVE FERRARI**, *et al.*,<br><br>    **Plaintiffs**,<br><br>    v.<br><br>**MERCEDES-BENZ USA, LLC**, *et al.*,<br><br>    **Defendants**. | Case No.: 15-CV-4379 YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS OF DEFENDANTS MERCEDES-BENZ USA, LLC; AUTOBAHN, INC., DAVID AHLHEIM, AND SONIC AUTOMOTIVE INC. FOR DISMISSAL**<br><br>**DKT. NOS. 37, 38, 43** |

Plaintiffs Steve Ferrari, Mike Keynejad, Hooshang Jowza, Celso Frazao, Renuka Narayan, Gertrud Frankrone, Ernest Salinas, Kalkhusan Sareen, Hossein Jalali, Ron Wolfe, Sohrab Rahimzadeh, Fred Grant, Ester Grant, Vincent Leung, Ken Wong, Jessica Langridge, Tony Nicolosi, Donald Lyang, and Artur Semichev ("Plaintiffs") bring the instant putative class action against Defendants Mercedes-Benz USA, LLC, Autobahn, Inc., David Ahlheim, and Sonic Automotive Inc., alleging claims for: (1) violation of 18 U.S.C. sections 1961 et seq., the Racketeer Influenced and Corrupt Organizations Act ("RICO"); California Business & Professions Code section 17500, the False Advertising Law ("FAL"); intentional misrepresentation; fraudulent concealment; negligent misrepresentation; violation of California Business & Professions Code section 17200, the Unfair Competition Law ("UCL"); and negligence.

Defendants Autobahn, Inc., David Ahlheim, and Sonic Automotive Inc. (collectively, "Autobahn") filed their Motion to Dismiss (Dkt. No. 37) and Amended Motion to Dismiss (Dkt. No. 43). Defendant Mercedes-Benz USA, LLC separately filed its Motion to Dismiss. (Dkt. No. 38.) Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS IN PART AND DENIES IN PART** the motions **WITH LEAVE TO AMEND**, as stated herein.

## I.  VIOLATION OF RICO

Plaintiffs allege that all defendants are liable for violation of RICO.  A claim under RICO requires pleading: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (or "predicate acts") (5) causing injury to the plaintiff's "business or property."  *See* 18 U.S.C. § 1962(c); *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (*en banc*); *Living Designs, Inc. v. E. I. Dupont de Numours and Co*., 431 F.3d 353, 361 (9th Cir. 2005), *cert. denied,* 126 S.Ct. 2861 (2006).  Predicate acts are set forth in the statute, which also provides that a "pattern" must be at least two predicate acts that are indictable.  *See* 18 U.S.C. § 1961 (1), (5); *Living Designs,* 431 F.3d at 361; *Howard v. Am. Online Inc.*, 208 F.3d 741, 748 (9th Cir. 2000).  Allegations of wire and mail fraud, like other fraud-based claims, are subject to the heightened pleading standard articulated in Rule 9(b) of the Federal Rules of Civil Procedure, which requires pleading "circumstances constituting fraud or mistake" must be stated with particularity, but permits "malice, intent, knowledge, and other conditions of a person's mind" to be alleged generally. *See* Fed.R.Civ.P. 9(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004) ("plaintiff must allege time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"); *see also Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 990 (9th Cir. 2009) (knowledge can be alleged generally).

Plaintiffs allege that all defendants violated RICO by falsely advertising that OEM parts would be used in repairs done at Autobahn Motors.  (Complaint ¶ 95.)  Plaintiffs allege that the predicate acts here include mail fraud, wire fraud, and money laundering "via the OEM parts laundering scheme."  (Complaint ¶ 109.)

First, as to mail fraud, the allegations in the complaint are that: (1) invoices and payments for the wholesale purchases and sale of OEM and non-OEM parts were done through the use of the mails (Complaint ¶ 111); and (2) Autobahn published a newsletter containing false information about use of OEM parts that was mailed to customers in San Mateo County periodically from 2005 to present (Complaint ¶¶ 115-119).  Exemplars of the invoices and the newsletter are attached to the complaint as exhibits.  With respect to Autobahn, the facts supporting the mail fraud are made with sufficient specificity to state the predicate act element.  As to MBUSA, the allegations are not

sufficient, since facts connecting conduct by MBUSA to either of these uses of the mails, or any other, are not alleged.

Second, as to wire fraud, the complaint alleges that: (1) the communications regarding buying non-OEM parts from auto supply warehouses and selling the OEM parts to other vendors were done over the phone and email (Complaint ¶¶ 110, 114); (2) there was "fraudulent advertising" posted on both the MBUSA website and the Autobahn website (Complaint ¶¶ 112, 120); and (3) the MBUSA website linked to the Autobahn website and its false statements that only OEM parts were used (Complaint ¶ 113). With respect to Autobahn, the allegations of the scheme to purchase non-OEM parts and falsely represent to customers that Autobahn only used OEM parts in its services in its internet advertising, along with the alleged use of telephone and email to carry out this scheme, is sufficiently particular to state this predicate act for the RICO claim. With respect to MBUSA, the Court finds the allegations insufficient to state the basis for a wire fraud predicate. Plaintiff alleges that MBUSA's website touts the benefits of using genuine, OEM parts and

> [o]n that website, they have a page that assures customers that if they get work one at one of the authorized dealer, all part[s] will be genuine, OEM certified parts approved by Mercedes-Benz.

(Complaint ¶ 121.) However, the website printout that Plaintiffs incorporate into their allegations does not contain any such assurance. (Complaint Exh. A.) Allegations that MBUSA's website linked to Autobahn's website, without more, do not state a basis for stating a wire fraud predicate as to MBUSA.

Third, as to money laundering, the complaint alleges that Autobahn was buying and using non-OEM parts for service, while selling the OEM parts to another vendor in order to hide the use of non-OEM parts from MBUSA. (Complaint ¶ 41.) A money laundering claim must allege that the defendant: (1) engaged in a financial transaction which involved proceeds from specified illegal activity [as set forth in section 18 U.S.C. § 1961(a)], (2) knew the proceeds were from illegal activity, and (3) intended the transaction either to promote the illegal activity or to conceal the nature, source, or ownership of the illegal proceeds." *United States v. Marbella*, 73 F.3d 1508,

3

1514 (9th Cir. 1996).  Plaintiffs' allegations of parts laundering (Complaint ¶¶ 41, 203, 204) do not meet each of these elements for any defendant, and are therefore insufficient.

Fourth, Plaintiffs allege that MBUSA is liable because it aided and abetted Autobahn Motors fraudulent conduct. (Complaint ¶ 154.)  The civil RICO statute does not provide for aiding and abetting liability, and courts have found that the statute's silence precludes such a claim. *See Salas v. Int'l Union of Operating Engineers*, No. CV 12-10506 DDP VBKX, 2015 WL 728365, at *7 (C.D. Cal. Feb. 18, 2015) (citing *Rolo v. City Investing Co. Liquidating Trust,* 155 F.3d 644, 657 (3d Cir.1998), and analogous authority in *Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 182-85 (1994)).

Finally, the Court notes that the enterprise allegations are insufficient.  RICO liability arises either from an enterprise or from a conspiracy.  Here, no conspiracy is alleged.  Rather, Plaintiffs allege that "Defendants each constitute an enterprise" and that each is "a substantial company, employing many persons," making them an enterprise for RICO purposes. (Complaint ¶¶ 98, 99.)  The RICO statute provides that an "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4); *see also Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007).  While the definition of a RICO "enterprise" is expansive, "to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001); *see also United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 853-54 (7th Cir. 2013) (complaint did not allege that defendants were engaged in affairs of separate enterprise rather than carrying out own affairs).  Here, Plaintiffs' allegations do not even attempt to differentiate the "persons" from the "enterprise," but simply state that each defendant constitutes an enterprise.[1]

---

[1] Autobahn further argued that Plaintiffs did not allege an "injury to property" sufficient to give establish standing for a RICO claim because the allegation that they paid for OEM parts but received non-OEM parts does not state a monetary loss.  This argument is not persuasive. *See*

4

Based on the foregoing, the Court **GRANTS WITH LEAVE TO AMEND** the motions of MBUSA and of the Autobahn defendants to dismiss the RICO claim.

## II. STATE LAW CLAIMS

Because the RICO claim provides the only basis for original federal jurisdiction, the Court may decline to exercise jurisdiction over the state law claims here pursuant to 28 U.S.C. section 1367(c)(3). This jurisdictional basis alone is sufficient to dismiss the remaining claims. However, the Court looks to the merits of the claims, on which defendants also seek dismissal under Rule 12(b)(6).

### A. Claims Against Autobahn Defendants

In seeking to dismiss the False Advertising Law claim, Autobahn argues that the damages and injunctive relief sought by Plaintiffs are not available remedies. Autobahn is correct that the FAL statute limits private litigants to injunctive relief. *See* Cal. Bus. & Prof. Code § 17535; *Chern v. Bank of Am.*, 15 Cal. 3d 866, 875 (1976). However, Plaintiffs' allegations—that they and similarly situated consumers were misled by Autobahn's advertising and conduct which continues to present—are sufficient to state a basis for seeking injunctive relief. Autobahn's argument that litigants who allege false advertising can never be misled by that advertising in the future would effectively bar all relief under the statute. *Cf. Kumar v. Salov N. Am. Corp.*, No. 14-CV-2411-YGR, 2015 WL 457692, at *3 (N.D. Cal. Feb. 3, 2015) ("[t]he possibility of future injury is alleged sufficiently if the plaintiff would encounter the same statements today and could not be any more confident that they were true"); *Ries v. Arizona Beverages USA LLC,* 287 F.R.D. 523, 533 (N.D. Cal.2012) ("[s]hould plaintiffs encounter the [alleged false statements] at the grocery store today, they could not rely on that representation with any confidence. This is the harm California's consumer protection statutes are designed to redress.").

As to the UCL claim, Autobahn argues that Plaintiffs have alleged no injury in fact. The Court finds that the allegations that Plaintiffs were charged for OEM parts but Autobahn actually provided non-OEM parts sufficiently state a loss of money or property. *Cf. Kwikset Corp. v.*

---

*Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 976 (9th Cir. 2008); *Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915, 936 (N.D. Cal. 2013).

*Superior Court*, 51 Cal. 4th 310, 327-30 (2011) (injury in fact established by allegations that products were falsely labeled as "Made in the USA" and thereby misled consumers who purchased them).

As to the claims for fraud, fraudulent inducement, negligent misrepresentation, and negligence, Autobahn argues only that, as with the RICO claim, the allegations are insufficiently pleaded per the standards set forth in Rule 9(b). The Court does not agree. While Plaintiffs' Complaint is not a model of clarity, there are factual allegations in support of the claimed fraudulent and deceptive conduct by Autobahn which are pleaded with sufficient particularity as to the nature of the false representations, made by whom, and when.

In sum, Autobahn's Motion to Dismiss Plaintiffs' state law claims (Second through Seventh Claims) is **DENIED**, except as to dismissal of Plaintiffs' request for damages in connection with the FAL claim which is **GRANTED**.

### B. State Law Claims Against MBUSA

Plaintiffs also assert their state law claims for violation of Business & Professions Code Sections 17200 and 17500, intentional misrepresentation, fraudulent concealment, negligent misrepresentation, and negligence against MBUSA. All of the claims rely on allegations that MBUSA: (1) made false statements in internet advertisements; and (2) aided and abetted Autobahn's misleading statements and fraudulent conduct by interlinking with its website and knowingly covering up Autobahn's use of non-OEM parts. (Complaint ¶¶ 260, 266-67, 301, 307-08, 354, 360, 362-64, 373-74, 413, 420-21, 450, 457-58, 477, 481, 483-84.)

With respect to the false advertising aspect of the claims, as stated above, the MBUSA website pages on which Plaintiffs rely (and attach to the complaint) do not make representations that Autobahn used only OEM parts. The exhibit belies any such suggestion in the allegations. And simply linking from the MBUSA website to Autobahn's website is insufficient to allege a false statement by MBUSA.

With respect to the allegations that MBUSA aided and abetted MBUSA's fraudulent and negligent conduct, the complaint does not sufficiently allege the elements of aiding and abetting liability. Aiding and abetting liability requires that Plaintiffs allege that MBUSA knew of

Autobahn's alleged wrongful conduct; MBUSA gave substantial assistance or encouragement to Autobahn; and MBUSA's conduct was a substantial factor in causing harm to Plaintiffs. *See Schulz v. Neovi Data Corp.*, 152 Cal.App.4th 86, 93 (2007). These elements require not simply that MBUSA know of Autobahn's conduct, but that it made a "*conscious decision to participate in tortious activity* for the purpose of assisting another in performing a wrongful act." *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1146 (2005) (quoting *Howard v. Sup. Ct.*, 2 Cal.App.4th 745, 748-49 (1992), emphasis in original).

Here, Plaintiffs' allegations are contradictory and fall short of the substantial assistance, participation, and knowledge required to state a claim for aiding and abetting liability. For instance, Plaintiffs allege, on the one hand, that "had [MBUSA] done the right thing, it would have learned" (Complaint ¶ 131) about Autobahn's alleged practice of using invoicing non-OEM parts as OEM parts, yet allege, on the other hand, that MBUSA "learned of the practice and chose to keep silent about it, and…not take corrective actions" (Complaint ¶ 154). Plaintiffs allege that MBUSA was engaged in an "actual overt cover up" but also allege that, upon learning that Autobahn was using non-OEM filters, MBUSA "took immediate efforts to require Autobahn Motors to stop the use [of] non-OEM parts." (Complaint ¶¶ 135-36.) Rule 9(b) does not require Plaintiffs to allege knowledge and state of mind with the level of specificity required for alleging the nature of the fraud. *Zucco Partners,* 552 F.3d at 990. However, Plaintiffs are still obligated by basic pleading standards to allege non-conclusory, factual allegations that state a plausible claim.

For these reasons, MBUSA's motion to dismiss is **GRANTED WITH LEAVE TO AMEND** on Plaintiffs' state law claims for intentional misrepresentation, fraudulent concealment, negligent misrepresentation, negligence, and violation of the UCL.

**IV.    CONCLUSION**

For the reasons stated herein, the Motions to Dismiss are **GRANTED IN PART AND DENIED IN PART WITH LEAVE TO AMEND.** Plaintiffs have failed to state the required elements of a RICO claim against both the Autobahn defendants and MBUSA. Further, Plaintiffs have failed to allege the state law claims against MBUSA. Moreover, while Plaintiffs have set forth minimally sufficient allegations on their state law claims against Autobahn, the Court encourages Plaintiffs to

1 amend their claims against these defendants as well, to eliminate redundant or wholly conclusory
2 allegations and to streamline the pleading so that it states the claims with precision and economy,
3 eliminating extraneous or irrelevant allegations.[2]

Plaintiffs shall file their First Amended Complaint no later than **March 8, 2016**.

Defendants' shall file their response to the First Amended Complaint no later than **March 29, 2016**.

This terminates Docket Nos. 37, 38, and 43.

**IT IS SO ORDERED**.

Date: February 18, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

---

[2] The Court notes that Plaintiffs cited to California Business & Professions Code section 9875.1 in their opposition to the motions. That statute has nothing to do with the allegations here, since it concerns insurer disclosure requirements when the insurer requires use of non-OEM aftermarket "crash parts" in covered accident repairs. Plaintiffs are cautioned to refrain from citing or pleading authorities bearing no relation to their claims. *See* Fed. R. Civ. Pro. 11(b)(2) (attorney's signature certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law").